# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| HOLLAND CONTRACTING CORP., <br><br> Plaintiff, <br><br> vs. <br><br> BRUNSWICK INSURANCE AGENCY, INC. d/b/a BRUNSWICK COMPANIES and MARK LEVINSON, <br><br> Defendants. | No. 12-CV-19-LRR <br><br> **ORDER** |

The matters before the court are Defendants Brunswick Insurance Agency, Inc. and Mark Levinson's (collectively, "Defendants") "Motion to Dismiss Pursuant to Rule 12(b)(2)" (docket no. 8) and "Motion to Dismiss Pursuant to Rule 12(b)(6)" (docket no. 9) (collectively, "Motions"). Defendants filed the Motions on February 9, 2012. On April 25, 2012, Plaintiff Holland Contracting Corp. filed an Amended Complaint (docket no. 23).

"It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). The Motions seek to dismiss the original Complaint—not the Amended Complaint. Because the Amended Complaint supercedes the original Complaint and renders it legally ineffective, the Motions are **DISMISSED AS MOOT**. The court recognizes that the Motion to Dismiss Pursuant to Rule 12(b)(2) contains an alternative request to transfer venue. However, the request to dismiss for lack of personal jurisdiction and the request to transfer venue are raised on similar issues and are based upon the information alleged in the original Complaint. Therefore, the court

finds the Motion to Dismiss Pursuant to Rule 12(b)(2) should be dismissed in its entirety. Defendants may, of course, elect to file new motions with regard to the Amended Complaint.

**IT IS SO ORDERED**.

**DATED** this 26th day of April, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA